FILED

UNITED STATES DISTRICT COURT
DISTRICT OF THE STATE OF RHODE ISLAND

2013 JUN 25 P 1:56

U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MARCUS CAPARCO ) | |
| ) | |
| VS. ) | CA NO. 12- |
| ) | |
| MORTGAGE ELECTRONIC ) | |
| REGISTRATION SYSTEMS; DEUTSCHE ) | CA 13- 477M |
| BANK NATIONAL TRUST COMPANY, ) | |
| AS TRUSTEE FOR HSI ASSET ) | |
| SECURITIZATION CORPORATION TRUST ) | |
| SERIES 2006-HE2; WELLS FARGO BANK, ) | |
| N.A ) | |

**VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF AND DECLARATORY JUDGMENT ACCORDING TO THE PROVISIONS OF §9-30-1, et. seq. of THE GENERAL LAWS OF THE STATE OF RHODE ISLAND**
**And TO QUIET TITLE TO THE SUBJECT PROPERTY PURSUANT TO §34-16-1 et. Seq. of THE RHODE ISLAND GENERAL LAWS.**

**This claim is brought pursuant to the provisions of the Declaratory Judgment Act and as such fall within the jurisdiction of this Honorable Superior Court.**

### INTRODUCTION

1. This complaint seeks a declaratory judgment that an alleged Mortgage, an "Assignment" of the Plaintiff' mortgage and a Foreclosure Deed are invalid and, as a result, DEUTSCHE BANK was not a valid mortgagee that could have initiated a foreclosure sale on Plaintiff' property. As grounds set forth the Plaintiff aver that the "Assignment of Mortgage" from Defendant, Mortgage Electronic Registration Systems to Defendant, DEUTSCHE BANK was not "duly executed" by Noreen Leak and is a void documents that failed to assign the Mortgage and Note in accordance with R.I.G.L. 34-11-1 and R.I.G.L. 34-11-24 with the requisite authority and effect. Plaintiff further aver that any Foreclosure Deed from DEUTSCHE BANK as Trustee is invalid and void because there was no valid Assignment of Mortgage to DEUTSCHE BANK nor was DEUTSCHE BANK a "successor in interest" of the Mortgage at the time of the alleged foreclosure sale.

2. The Plaintiff set forth that said Assignment of Mortgage to DEUTSCHE BANK was fraudulently prepared and executed by employees of WELLS FARGO BANK, N.A. Plaintiff alleges that the Assignment of Mortgage to DEUTSCHE BANK is one of many forged and fraudulent documents prepared by WELLS FARGO BANK, N.A

3. Plaintiff further contend that Defendant, DEUTSCHE BANK, was never the current Mortgagee, Assignee or owner of the Property because there is no Assignment of Mortgage purporting to assign the Mortgage from to DEUTSCHE BANK and that any Foreclosure



Deed purporting to grant the property from DEUTSCHE BANK OR WELLS FARGO is invalid and void.

4. The Plaintiff prays that this Honorable Court declare any foreclosure sale based on these documents invalid, enjoin the Defendants from proceeding with any eviction action against the Plaintiff pending a determination by this Court verifying the validity of the Mortgage, Assignments of Mortgage, Foreclosure Deed, and the underlining sale. Plaintiff further respectfully requests this Honorable Court quiet the title of said property by declaring Plaintiff, Marcus Caparco, as the sole owner.

## The Parties

5. Plaintiff, Marcus Caparco ("CAPARCO"), claim to be the owner of real property located at 31 Gladstone Street, Smithfield, Rhode Island 02917.

6. Defendant, Mortgage Electronic Registration Systems, ("MERS") is Delaware Corporation, not authorized to do business in Rhode Island, that allegedly simplifies the way mortgage ownership and servicing rights are originated, sold and tracked. It is not a lender or a servicer and is nothing more than a mortgage placeholder allowing promissory notes to be sold without complying with the General Laws of the State of Rhode Island. MERS is identified as an Assignee of a mortgage executed by CAPARCO to secure payment of a Note to WMC Mortgage Corporation in the amount of $166,000.00.

7. Defendant, DEUTSCHE BANK ("DEUTSCHE BANK, NA"), is a national bank located at 1761 East Saint Andrew Place, Santa Ana, CA 92705. DEUTSCHE BANK claimed to be a Trustee of a mortgage backed security that allegedly holds the Caparco Loan called HSI Asset Securitization Corporation Trust Series 2006-HE2. DEUTSCHE BANK, NA is the purported assignee of the CAPARCO Mortgage from MERS. CAPARCO alleges that the Assignments of Mortgage from MERS to DEUTSCHE BANK, NA are void in accordance with R.I.G.L. 34-11-1 and 34-11-24.

8. WELLS FARGO BANK, N.A is a mortgage servicer that fraudulently prepared the assignment from MERS to DEUTSCHE BANK. WELLS FARGO BANK, N.A employees misrepresented their employment status and fraudulently executed the Assignment of the CAPARCO Mortgage as officers of MERS.

## JURISDICTION

9. This Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) and the matter in controversy exceeds $75,000.00 exclusive of interest and costs, and because the Defendant is a foreign corporation based outside of the State of Rhode Island.

2

10. Venue is proper in the District pursuant to 28 U.S.C. § 1391 (b) (2) in that a substantial part of the events or omissions giving rise to this claim have occurred, and the real property that is the subject of the action is situated within the State of Rhode Island.

11. Plaintiff further avers that the Court has redressible claims over the matters in this complaint pursuant to the following statutes:

    a. Plaintiff, pursuant to 42 U.S.C. § 1983 claims loss of state property rights to redeem her mortgage from an unauthorized foreclosure advertiser without a judicial hearing.

    b. Plaintiff claim ownerhip of the latter described premises and seeks to clear her title of all illegal encumbrances pursuant to the provisions of Rhode Island General Laws § 34-16-4.

    c. Plaintiff claim ownerhip of the latter described premises and seeks to clear her title of all void conveyances pursuant to the provisions of Rhode Island General Laws § 34-16-4.

    d. Plaintiff claim that only she has a marketable title to the premises pursuant to the provisions of R.I.G.L. § 34-13.1-5, to wit, forty (40) years of ownerhip of the fee interest.

    e. Plaintiff as mortgagors, may seek to redeem, pursuant to R.I.G.L. § 34-26-1, her mortgage note and mortgage deed from the actual mortgagee, or lawful assignee of the mortgage deed and note.

    f. Plaintiff claim a judicial determination pursuant to R.I.G.L. § 9-30-2 whether the deed to the premises is affected by any conveyance of another person in her chain of title.

## Facts

12. Plaintiff, Marcus Caparco, became the owner of the property located at 31 Gladstone Street, Smithfield, Rhode Island 02917 on August 24, 2006. The Deed granting CAPARCO the property was recorded in the Land Evidence Records of the Town of Smithfield in Book 514 Page 259. (Exhibit 1)

13. On August 23, 2006, CAPARCO executed a mortgage which they believed was to WMC Mortgage Corporation and which identified WMC Mortgage Corporation as the Lender (the "Mortgage"). The Mortgage to CAPARCO allegedly secured a loan to CAPARCO in the amount of $166,000.00. The Mortgage was recorded in the Land Evidence Records of the Town of Smithfield in Book 514 at Page 262. (Exhibit 2).

14. CAPARCO was never told by the Defendants who held the beneficial interest in the loan or the Promissory Note.

15. MERS never held the Note nor did it hold any beneficial interest to the Mortgage.

16. CAPARCO was misled by MERS, WMC Mortgage Corporation, DEUTSCHE BANK and DEUTSCHE BANK into believing that WMC Mortgage Corporation was their actual mortgagee. No mention was ever made of MERS at the closing and there was never a meeting of the minds between MERS and CAPARCO.

17. While MERS declared itself the "nominee mortgagee" of the CAPARCO Mortgage in the Land Evidence Records of the Town of Smithfield, WMC Mortgage Corporation., DEUTSCHE BANK and DEUTSCHE BANK utilized MERS to hide the transfer of the beneficial interest in the CAPARCO loan to an undisclosed number of undisclosed entities for an undisclosed amount of fees. This, in turn, facilitated the securitization process of the CAPARCO Loan into a securitized investment vehicle.

18. MERS is not the lender regarding the above referenced transaction and further, by its own admission, is not a mortgage company.

19. On or about April 20, 2012, an alleged Assignment of Mortgage was recorded purporting to transfer the CAPARCO Mortgage from MERS to DEUTSCHE BANK as successor Trustee. ("Assignment"). The alleged Assignment was recorded in the Land Evidence Records of the Town of Smithfield in Book 842 Page 49.

20. The Assignment is not "duly executed" in accordance with R.I.G.L. 34-11-1 and 34-11-24 because the signatory is not an employee of MERS and did not have authority to execute assignments on behalf of WMC Mortgage Corporation or MERS.

21. The Assignment was executed Noreen Leak, as "Assistant Secretary" for MERS as nominee for WMC Mortgage Corporation.

22. At the time of the execution of the Assignment, Noreen Leak, was not an employee of MERS or WMC Mortgage Corporation. The statement on the Assignment purporting to set forth that Noreen Leak is an employee or agent of MERS or WMC Mortgage Corporation is false.

23. Noreen Leak, was actually an employee of a company called WELLS FARGO BANK, N.A , a sweatshop for forged mortgage documents.

24. The execution of the Assignment by Noreen Leak is invalid because it is not "duly executed" in accordance with Rhode Island General Laws.

25. Based on information and belief the signatures on the Assignment are not "duly executed" in accordance with R.I.G.L. 34-11-1 because the signatory did not have personal knowledge of any alleged transfer of the CAPARCO Note or Mortgage from WMC Mortgage Corporation or MERS to DEUTSCHE BANK or WELLS FARGO.

26. The Assignment of Mortgage failed to assign the Note because MERS never held the Note and was never a party to the Note. The Assignment was a "nullity" for failure to assign the note.

27. The Assignment of Mortgage failed to contain language purporting to assign the Note in accordance with the Statutory Form of Assignments of Mortgage contained in Rhode Island General Laws.

28. The Assignment is not "duly executed" in accordance with R.I.G.L. 34-11-1 and 34-11-24 because the signatory is not an employee of WMC Mortgage Corporation or MERS and did not have authority to execute assignments on behalf of WMC Mortgage Corporation or MERS.

29. MERS is not the lender regarding the above referenced transaction and further, by its own admission, is not a mortgage company.

30. The Assignment failed to assign the Note because the Assignment was a "nullity" for failure to assign the note.

31. The Assignment of Mortgage failed to transfer the obligation in which the mortgage secured (ie. The Note).

32. The Assignment of Mortgage, in effect, disconnected the Mortgage security instrument from the Note and rendered the Mortgage unsecured

33. There is no Assignment of the CAPARCO Mortgage or Note from WMC Mortgage Corporation to MERS, DEUTSCHE BANK or WELLS FARGO.

34. DEUTSCHE BANK was not a valid mortgagee or assignee of the mortgagee that could invoke the Statutory Power of Sale pursuant to Rhode Island Law.

35. The Mortgage, contains language that provides for the Statutory Power of Sale in the event of a default on the note by CAPARCO.

36. The Mortgage clearly states that the *Lender (ie. WMC Mortgage Corporation)*, upon default by the borrower, may invoke the Statutory of Sale.

37. The Mortgage does not state anywhere that the mortgagee or its assigns may invoke the Statutory Power of Sale.

38. The Mortgage goes on to state that "If Lender invokes the statutory power of sale" Lender shall mail a copy of a notice of sale to Borrower.

39. The Lender (ie. WMC Mortgage Corporation) never invoked the Statutory Power of Sale in this matter.

Case 1:13-cv-00477-M-LDA Document 1 Filed 06/25/13 Page 6 of 9 PageID #: 16

40. The Mortgage states that "Lender shall publish the notice of sale."

41. The Lender (ie. WMC Mortgage Corporation) never published the notice of sale.

42. Defendants, which are not the Lender, wrongly and without contractual or statutory authority, are attempting to invoke the power of sale.

43. Defendants, which are not the Lender, wrongly published the notice of sale without contractual or statutory authority.

44. The actions taken by the Defendants, are without any force or effect relative to the invocation of the Statutory Power of Sale or the actual sale of the property because it is not now, nor has it ever been the Lender as defined by both the Note and the Mortgage.

45. The foreclosure has not been noticed or scheduled or advertised as required by the Note and Mortgage.

46. MERS or DEUTSCHE BANK did not have standing to foreclose.

47. Rhode Island General Laws §34-11-21 "Statutory Mortgage Condition" provides that this conveyance is made upon the express condition, that if the mortgagor *shall pay to* the mortgagee or mortgagee's assigns, the principal and interest of that certain promissory note, than this deed as also the promissory note, shall become void.

48. Rhode Island General Laws §34-11-21 clearly contemplates the lender and the original mortgagee as being the same party because the lender or Lender's assigns are the only parties entitled *to payments* ie. enforcement of the note.

49. Since MERS was never assigned the Note and, by its' own definition, never accepts payments, an entity such as MERS that separates the mortgagee and the note holder from the deed's inception can not exist under Rhode Island General Laws.

50. Rhode Island General Laws §34-11-262 provides that a Mortgagee may invoke the statutory power of sale, however, that statute clearly contemplates the mortgagee and lender being the same party. In this instance, it is clearly stated in the Note and Mortgage that the Lender, and by necessary implication, not the Mortgagee or a "Nominee Mortgagee", that can invoke the power of sale.

51. The bifurcation of the CAPARCO Mortgage which granted the mortgage to MERS disconnected the CAPARCO Mortgage from the CAPARCO Note and rendered the CAPARCO Mortgage unsecured.

52. DEUTSCHE BANK attempted to conduct an alleged foreclosure auction on CAPARCO's property while falsely claiming to be the holder of the Mortgage.

53. Plaintiffs further contend that the Note they gave in return for being granted said mortgage loan was not in default at the time foreclosure action was commenced and/or completed. Moreover, Defendant, DEUTSCHE BANK knew of that the Note given by Plaintiffs was not in default, yet proceeded to foreclosure anyway.

54. Since the Assignments of Mortgage purporting to assign the Mortgage from MERS to DEUTSCHE BANK was invalid, the Foreclosure Deed from DEUTSCHE BANK is invalid.

55. This claim is brought pursuant to the provisions of the Declaratory Judgment Act and as such falls within the jurisdiction of this Honorable Court.

56. This is a justiciable controversy and is appropriate for Declaratory Judgment pursuant to the act.

## COUNT I
### Injunctive Relief and Declaratory Judgment

57. The Plaintiff hereby reincorporates paragraphs 1 – 56 as if they were fully articulated herein.

58. Defendants have no interest in the property, the mortgage or note and, thus, have no standing to foreclose upon the note and mortgage.

59. The Mortgage and Assignments are not duly acknowledged or executed in accordance with R.I.G.L. 34-11-1, 34-11-12, and 34-11-24 and are "void" according to the statute.

60. The purported Mortgage is no longer valid and is void due to the bifurcaton and disconnection between the Mortgage and the Note.

61. The purported Assignment from MERS to DEUTSCHE BANK is invalid and void.

62. There is no Assignment of Mortgage to DEUTSCHE BANK.

63. The Foreclosure Deed from DEUTSCHE BANK is invalid and void.

64. MERS and DEUTSCHE BANK have abused the use of the foreclosure process knowing that it did not have a valid assignment of the note and mortgage, and as a result the CAPARCO has suffered compensable damages.

65. Plaintiff is being irreparably harmed by the actions of all of the Defendants.

66. Plaintiff has no other remedy at law but to seek the relief requested herein.

67. The Equities of the matter favor the Plaintiff.

68. Public Policy matters favor the Plaintiff.

**WHEREFORE**, CAPARCO prays for the following relief:

a. Determine that the Mortgage is void in accordance with the requirements set forth in 34-11-1
b. Determine that there are no assignments of record with regard to the mortgage;
c. Determine that the Foreclosure Deed is null and void;
d. Order that MERS and DEUTSCHE BANK have no interest in the subject property;
e. Restrain MERS, and DEUTSCHE BANK from commencing any further foreclosure actions or eviction actions against the Plaintiff or Plaintiff' tenants pending a trial on the merits of the Plaintiff' complaint,
f. Award the Plaintiff compensatory damages against all of the Defendants for their wrongful slander of title and abuse of process in a sum to be determined by a trier of fact
g. Award attorney's fees and costs
h. Award such other relief as this Court deems just and proper.

## COUNT II
### Quieting Title
### Rhode Island General Law §34-16-5

69. The Plaintiff hereby realizes and reincorporates paragraphs 1 – 57 as if they were fully articulated herein.

70. The real estate as issue is located at 31 Gladstone Street, Smithfield, Rhode Island 02917.

71. DEUTSCHE BANK and CAPARCO both make claim to the fee simple interest in the aforesaid property.

72. CAPARCO claims title to the property pursuant to a Deed recorded on August 24, 2006 in Book 514 Page 259 in the Land Evidence Records of the Town of Smithfield.

73. DEUTSCHE BANK claims an adverse interest adverse to CAPARCO by way of a Foreclosure Deed from DEUTSCHE BANK recorded in the Land Evidence Records of the Town of Smithfield. The Foreclosure Deed is invalid and void.

74. DEUTSCHE BANK claims an adverse interest adverse to CAPARCO by way of an Assignment of Mortgage from MERS recorded on April 20, 2012 in Book 842 Page 49 in the Land Evidence Records of the Town of Smithfield. The Assignment of Mortgage is invalid and void.

75. MERS claims an adverse interest to CAPARCO by way of a Mortgage recorded in Book 514 Page 262 the Land Evidence Records of the Town of Smithfield. The Mortgage is invalid.

**WHEREFORE**, CAPARCO prays for the following relief:

i. Declare that the purported Assignments from MERS are invalid and failed to transfer title to said Mortgage and Note to DEUTSCHE BANK ;
ii. That any foreclosure sale conducted by the Defendants, DEUTSCHE BANK, DEUTSCHE BANK or MERS, be declared void;
iii. That any Foreclosure Deed recorded by the Defendants is void;
iv. Injunctive relief staying DEUTSCHE BANK, DEUTSCHE BANK and/ or MERS from proceeding with any eviction actions against the Plaintiff, Marcus Caparco or his tenants;
v. Declare that the Plaintiff, CAPARCO, are the owner of the Property;
vi. Award the Plaintiff money damages from Defendants for all monetary damages including but not limited to attorneys' fees and such further relief as is just and equitable;
vii. Injunctive relief staying any foreclosure sale on the Property so that this case may adequately be heard prior to an unjust foreclosure; and
viii. Such other relief this Court deems fair and just.

Plaintiff,
Marcus Caparco,
By his attorney,

_____
Todd S. Dion Esq. (6852)
1319 Cranston Street
Cranston, RI 02917
401-942-9924 Phone
401-270-26202 Fax

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all matters so triable as a matter of right